Madam Clerk, please call the last case in the morning. 115-1693, Christine Cern v. United Airlines Counselor, you may approach and proceed. Thank you. Good morning. May it please the Court, Counsel. My name is Karen Kuhn. I'm here on behalf of United Airlines. Ms. Isern is a flight attendant who was injured on a flight from her home in Denver to LaGuardia Airport. She was not working on that flight. She was scheduled to work the following day out of JFK. It is well established that accidents occurring while coming and going to work are not compensable. There's two issues raised here, whether she was somehow a traveling employee at the time of the accident or whether she can fall into a community exception because the travel is due to the demands and exigencies of her employment. We believe the Commission in this case got it right in holding that the accident was not compensable. Our arguments here today are slightly different than the rationale they provided. We don't disagree with their analysis, but we think that their decision was bolstered by the subsequent Lanyon Prior decision. She was not traveling for work at the time she was commuting. And in order to understand and be clear on the circumstances that occasioned that travel, you have to be very clear on the facts in the record and how the travel came about. Well, the facts are really, the basic facts are not disputed, are they? The facts are not disputed, but the circuit court got the facts completely wrong. Well, that's probably true. That's probably true, but we don't care. Let's just talk about what the law is that applies to the facts. We know she's living in Colorado. We know she's flying out of JFK, right? She's living in Colorado. She's flying out of JFK. So let's start out with the basic principle that if you are a factory worker or you're working at McDonald's or anywhere and you drive there, it is your commute, that's part of your regular commute, do you get compensated if you have an accident? No. Okay. And that's what you're saying applies here. That's what we're saying applies here. She was not on the clock. She was not working when she was traveling, flying from Colorado to New York. Would anybody say she was working? No. Okay. She testified she was not working. She testified there was no business purpose for her. On what basis is she a traveling employee? We don't think she was. She's not a traveling employee. She chose to live in Colorado. Exactly. She could have lived two miles from, she's traveling where? She's not a traveling employee. She's traveling, she's flying to LaGuardia. Right. It's not even her domicile airport. That's part of the commute. Exactly. When she gets on the airplane, that's something different, obviously. When she gets to JFK, when she gets to her employment premises, then she starts her work-related travel. So I have to ask him why that wasn't a regular commute to New York, that anybody else would be commuting to their job. Whether it's two miles or a thousand miles, you're still commuting to your job, right? Yes. However, let me ask you this. And this has been impacted by Venture and Uber. Right. Obviously, the Supreme Court took the case from this panel. Is there any difference if somebody is working at a permanent location or is a temporary employee? Does that bear on the analysis? Because Venture and Uber, it was a temporary employee. It was not a permanent employee. But what Venture and Uber found, what the Supreme Court found, was that he was not directed there by his employer. So the question is, whose choice is it? So if it's a temporary job where the employer says, we need you to go down here for a while and work this other job, then it's at the employer's direction, and then the accident is compensable. In Venture and Uber, the employee chose to live miles away from the employment site. And in this case, you're saying she did the exact same thing. She chose to live in another state. Exactly. Okay. And she did that for 16 years. Your argument boils down to the fact that even if you're dealing with a traveling employee, if the injury occurs in non-work-related travel to where you begin your work day from home, then in that particular case, it does not arise out of the employment. Yes. And therefore, it's not compensable. Yes. Your employment does not, by the definition of a traveling employee, it's someone who travels away from the employment premises to perform their job duties. In this case, her employment premises for the purposes of that analysis is JFK. She was based out of JFK. All trips started and ended at JFK. And so while she's working on those trips, if she's on layover in Shanghai, she can go out to eat. She can ride an elephant. She can do whatever she wants. As long as it's reasonable and foreseeable, she's in the course of her employment. However, her regular commute is not covered. She's not a traveling employee while she's on her regular commute to the office, just as Lanyon Prior on his regular commute to his employer's premises is not covered under the Act. Now, if she had to stop off somewhere first on the way to JFK and do something that was work-related, then the argument might be different, correct? Then the argument would be different. And that's the traditional traveling employee. Yes. But your argument is very simple. She is simply doing her regular commute to JFK to begin her work day, and somebody driving to a factory would be who has an accident. Yes, exactly. And so how did the Circuit Court get it wrong? Circuit Court got it wrong because they got the first three facts wrong. They started it by saying the facts here are not a dispute. They then said on September 3rd … Do we really care? We don't. We don't. I said that at the beginning. We don't care what the Circuit Court did. We don't care what the Commission did. And it was unfortunate you asked that question. In all fairness, Justice Hudson did ask you that question. They got it wrong. Your argument is so simple and compelling. They didn't base it on the facts that were in the record. They made some assumptions and some stuff. They said … No, I was directing the question to Justice Hudson. Yes. So you don't have to answer it. Okay. The facts in the record, as long as you just look at the record in this case, I don't think there's any question. She was just on her regular commute. Ms. Isern testified. She's not paid for any of these expenses. She's not directed by her employer. She's not even guaranteed a seat while she's commuting. There's no way of guaranteeing she's going to make a commuting shift. That's a risk that she takes by commuting. Well, all we're talking about is direction. Was the commute under the direction of the employer, and you're saying it was not? It was not. Because if it was, we have a different animal, is what your argument would be. That is my argument. Okay. It seems that you well understand my argument, so I'm going to stand on my brief for my counsel time. You will have time to reply, though. Okay. Thank you. Thank you, counsel. Counsel may respond. Good morning, Your Honors. Brian McManus on behalf of the petitioner. This is Groundhog's Day, the movie from Bill Murray. I tried this case before. I tried it in 2003. I tried it with the exact same facts that are in front of the entire panel today. No different. And the commission said back in 2003, which, by the way, was never overturned and is still the controlling law here today, the commission rejects that the petitioner was merely in transit on her way to work so as to take her out of the course of employment at the time of her fall. Rather, the record supports finding that the petitioner is properly considered a traveling employee under the Act in that her work for respondent clearly created the necessity for travel. That was a commission decision? That was a commission decision. How is that the controlling law? Well, when it's not overturned by Your Honors. It has no precedential value to us. Let's assume you're absolutely correct. Have you heard of Venture Uber? Yeah, but a Venture Uber judge doesn't make a decision that she's a traveling employee. Venture Uber makes a decision that she isn't a traveling employee. Venture Uber then goes to the decision that let's go to the second analysis. Does her commute create an exception from the general rule that commuting is, how could it ever? Who told her to live in Colorado? No, but Venture Uber is a case where a petitioner gets transferred to a job that's 200 miles from where his home is. He then elects to get a motel and take that job. Then he elects to drive to and from the motel for his job. But the difference between that is, Judge, the difference between that is It's not 16 years in duration. The petitioner is not reimbursed for monthly travel. She's not reimbursed for the travel from Colorado to New York. She's getting travel expenses that she uses for travel from Colorado to New York for free. Let me ask you an honest question. Did she get reimbursed for travel from Colorado to New York? Reimbursed as of how, for parking? For parking, for anything. If her parking's free, her airline travel's free, both of those benefits are provided by United Airways. She can use those benefits to fly to Hong Kong. So can everybody. And that's part of the reason why people take the job. Mr. McManus, I'm going to make it real simple for you. A guy is a traveling salesman. And every day, he begins his work at his employer's office and then travels around to sell his goods all day, comes back to his employer's office, and then goes home. Are you meaning to suggest to me that traveling from his house to his employer's office in the morning is compensable? I am. I mean, at least that's in the Green Law. Based on what case law? I think you're confusing it. The Green Law says that that's what it says. Wait, who? Molarsic. I mean, it says what? It says a commute makes you part of a traveling employee when you're commuting to work? Molarsic says that a traveling employee, an employee who travels, is considered, in the course of their employment, the moment he or she leaves his or her home. That generally is true. Mr. McManus, would you please be quiet while I'm talking? Yes, I will. Generally, that's true when you leave your home and begin your travel. And that means begin your job. Many traveling employees leave from their house to go see their clients, et cetera, and so on. And we would say, then, that the instant he leaves his house, he is a traveling employee. In this particular case, no one told this woman to live in Colorado. She could have lived in New York, and she didn't have to travel then. Let me engraft something out of his answer. Why is that person, he decided, a traveling employee? Because from the moment they leave their house, they're working. They're doing their work performance, okay? She's on an airplane, not in uniform. You tell me what work she was doing when she was flying from Colorado to New York. What job-related activities was she performing? On a United flight. And if there were emergency contingencies, she would have had to work that flight, just like a flight attendant. No, no, no. She got out of her uniform. She wasn't working anything. If there were emergency contingencies, she would have had to work. And, again, we're confusing a traveling employee analysis with the analysis under Venture Newberg, which isn't a traveling employee analysis. You would lose this under any analysis because she wasn't doing anything related to her job until she gets to JFK. The commission in Larson states that in order to make her international flight, the petitioner is required to fly from Colorado to Chicago. The commission notes the petitioner chose to live in Colorado. Nevertheless, United approved this arrangement, reimbursed the majority of her monthly parking, as a matter of course, supplied the petitioner with unlimited flight passes to the U.S. Who are you getting this from? What case are you getting this from? Susan Larson. This is a case I tried. I mean, unfortunately, that's all I can tell you. There is no precedential value. That doesn't bear in anything. It's worthless. The commission in 2003 felt that it was relevant. You know what would happen if you would cite that in your brief? I did cite it in my brief. We ignore it. We have to ignore it. We're legally required to ignore that decision. You know that, don't you? If you were to find her not to be a traveling employee at the time, how does she not qualify under the commuting exception standard? I'm not saying that she is a traveling employee at the time, but if she's not a traveling employee, how doesn't she fall under the commuting exception that says that generally a commute to and from work isn't considered to be compensable? Unless, of course, your employer provides for your means to and from work. Your employer provides for your parking. Your employer provides for your plane fare to and from New York City. If you look at the case law, that is an exception to the commuting standard. Is there anything in the record to suggest that the only way you can get from her residence to JFK is by flying? Precisely. No, I mean, it's the only practical way that she could get there. The answer to his question is it's not. There is no evidence that this is the only way that United is not providing her way to get there. She's deciding to avail herself of United. She could drive there if she wanted to. United allows 80 percent of their New York-based flight attendants to commute to and from work from different areas of the country. Why would they do that? Magic words. Because it benefits United. There's nothing about this case that's going to take it out of the general rule that a commute to start your workday is not compensable. Period. I mean, there's a whole bunch of cases that say otherwise, Judge. We'll call our attention to it. I'd like to hear one. I just gave you one, Curtis. So a traveling employee has an analysis which is underwrite, which is three-pronged. That's not the analysis that they use in Newburgh. In Newburgh, they use an analysis that they say this person isn't a traveling employee and, by the way, they don't deviate from the commuting exception standard. That being, though, that this is a person that had lived there in Newburgh for, I think the testimony was three or four months, as compared to my client that lived there for 16 years, that United knew about, that United actually asked to, that United provided her commute. You can't turn them into a traveling employee unless they're engaged in some kind of employment-related duties or activities. She's not until she gets to JFK. Well, then how? She's not being compensated by United when she's flying to Colorado. Are they paying her to fly from Colorado to New York? Are they paying her to do that? Well, they're providing her the travel. Are they paying her? For time? What time o'clock is she being paid? No, no. Well, that's the answer to that. Well, how is it different in Mlarsuk? In Mlarsuk, these two couples clean homes, and they clean a home, and then they go home for lunch together. And they're having lunch together, and they get a call that they're supposed to go get another job. They're not being paid during this time period, by the way. No. In Mlarsuk, they walk out to warm up their car. Just like Sarah Klein is at the case I argued in front of Your Honor. They're not. Sarah wasn't traveling at the time. Sarah was going out to warm up her car, as was the Mlarsuk case. Well, when she leaves the house, she is engaging in work-related activities because she's going to take the next cleaning job as directed. Okay? Your claimant in this case was merely going to begin the work day. Okay? I think the law is differently, Judge, so I respectfully disagree with you on that. You may find out with a decision. Yeah, I respectfully disagree with you on that. I mean, I certainly laid out the law, and there's been a number of cases concerning this, which the commission notes that there's been a number of cases on this very issue of traveling employee. I listed them in the brief. You know, I'm asking that, obviously, that the circuit court's decision be affirmed for the reasons that I listed. Thank you. Thank you, counsel. Counsel, you may reply. No, it sounds like you have a good grasp of the rationale. Okay. Well, thank you, counsel, both for your arguments in this matter this morning. We've taken our advisement that this position shall issue.